DA 07-0072

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 447

SOMONT OIL COMPANY, INC.,
a Montana corporation,

        Plaintiff and Appellant,

    v.

A & G DRILLING, INC., CAVALIER PETROLEUM,
INC., ESTATE OF A.G. WALLS, a/k/a JOE WALLS,
by and through JANUS WALLS, Personal Representative,
JOHN WALLS, and STEWART HOWELL, all d/b/a C-W
JOINT VENTURE a/k/a CAVALIER-WALLS JOINT VENTURE,

        Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Ninth Judicial District, In and For the County of Toole, Cause No. DV 98-020 Honorable Laurie McKinnon, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

                Gregory J. Hatley and James A. Donahue, Davis, Hatley, Haffeman & Tighe, Great Falls, Montana

        For Appellees:

                Douglas C. Allen and Richard L. Beatty, Attorneys at Law, Shelby, Montana

                        Submitted on Briefs:  January 23, 2008

                                  Decided:  December 30, 2008

Filed:

                _____
                              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      This is the third appeal in this case. It began in 1998 when Somont Oil Company, Inc. (Somont) filed suit to quiet its leasehold interest in twenty-eight oil and gas leases located in the Kevin/Sunburst field in Toole County. Somont alleged that its top leases were valid and enforceable to the exclusion of C-W's leases on the same property because production had ceased. After the litigation commenced, C-W conceded Somont's claim that production had ceased on twenty of the twenty-eight leases in question and released these twenty leases. However, it declined to release the other eight leases.

¶2      The controversy concerning the remaining eight leases went to a jury trial. The District Court entered judgment after a jury verdict, and Somont appealed. We reversed and remanded for a new trial. *Somont Oil Co., Inc. v. A & G Drilling, Inc.*, 2002 MT 141, 310 Mont. 221, 49 P.3d 598 (*Somont I*).

¶3      While the appeal in *Somont I* was pending, C-W plugged 72 wells located on the twenty leases it had conceded to Somont (conceded leases). Following the remand in *Somont I*, Somont filed a motion to hold C-W in contempt of court for plugging these 72 wells. In this motion, Somont claimed it was entitled to money damages from C-W. The District Court did not rule on this motion until after the remand in *Somont Oil Co., Inc. v. A & G Drilling, Inc.*, 2006 MT 90, 332 Mont. 56, 137 P.3d 536 (*Somont II*).

¶4      Following the remand in *Somont I*, a second trial was held concerning the remaining eight leases. The jury returned a verdict favorable to Somont as to three of the leases and favorable to C-W as to the remaining five leases. The District Court entered judgment accordingly. Somont again appealed, and C-W cross-appealed.

¶5      In *Somont II*, on the direct appeal, this Court held that C-W failed to meet its burden of proving cessation of production on the eight leases in controversy was temporary, that Somont was entitled to judgment as a matter of law, and that therefore Somont was entitled to recover its reasonable attorneys' fees. C-W's cross-appeal was denied. The case was remanded to the District Court for the sole purpose of determining a reasonable amount of Somont's attorneys' fees.

¶6      After this Court remanded in *Somont II* in May of 2006, the parties agreed on the amount of attorneys' fees due Somont. However, on September 11, 2006, Somont filed a renewed motion again asking the District Court to hold C-W in contempt for plugging the wells on the conceded leases and also praying for an order from the District Court determining that it was entitled to damages from C-W for plugging the 72 wells on the conceded leases. The parties filed briefs on the issues raised in Somont's motion. The District Court denied the motion to hold C-W in contempt by order of November 1, 2006. The District Court denied Somont's motion for a determination that it was entitled to damages against C-W by order of December 7, 2006. The District Court held that the doctrine of *res judicata* barred Somont's claim for damages. Somont now appeals from this order. We affirm.

¶7      The issue before the Court is whether *res judicata* bars Somont's claim for damages from C-W for plugging the wells on the conceded leases.

¶8      *Res judicata* is a doctrine that prohibits the relitigation of the same claim when a final judgment on the merits has been issued. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, ¶ 15, 130 P.3d 1267, ¶ 15; *State v. Ditton*, 2006 MT 235, ¶ 38, 333 Mont. 483,

3

¶ 38, 144 P.3d 783, ¶ 38 (citing *Harlem Irr. Dist. v. Jud. Dist. Ct.*, 271 Mont. 129, 132, 894 P.2d 943, 944-45 (1995)). *Res judicata* and collateral estoppel are based on a judicial policy favoring a definite end to litigation. *Kullick v. Skyline Homeowners Assn., Inc.*, 2003 MT 137, ¶ 17, 316 Mont. 146, ¶ 17, 69 P.3d 225, ¶ 17 (citing *Rausch v. Hogan*, 2001 MT 123, ¶ 14, 305 Mont. 382, ¶ 14, 28 P.3d 460, ¶ 14). The doctrine applies if four factors exist:

> (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them.

*Kullick*, ¶ 17.

¶9 Somont argues that *res judicata* does not apply because its claim for damages is not brought in a subsequent or collateral action, but rather in this action, which it claims is still pending between the parties. Somont also argues that the issues involved in the claim for damages on the conceded leases have nothing to do with the previous incarnations of the lawsuit and that the law of the case doctrine rather than res judicata governs.

¶10 While Somont's claim for damages was made in a motion for contempt filed in this lawsuit, the action was not "still pending." Upon remittitur from this Court in *Somont II*, all issues other than the amount of attorneys' fees due Somont were finally determined. When agreement on the amount of such fees was reached and ordered by the District Court, this litigation came to a close.

¶11 *Res judicata* bars a party from re-litigating a claim that it has already had an opportunity to litigate. *Olympic Coast Investment Inc. v. Wright*, 2005 MT 4, ¶ 26, 325 Mont. 307, ¶ 26, 105 P.3d 743, ¶ 26. When there has been a full opportunity to present an

4

issue which has been raised in a proceeding, the determination of the court in that proceeding is final as to all those issues raised or which fairly could have been raised. Otherwise, litigation might never be brought to a close. *Olympic Coast Investment, Inc.*, ¶ 26 (citing *Slater v. Central Plumbing & Heating Co.*, 1999 MT 257, ¶ 25, 297 Mont. 7, ¶ 25, 993 P.2d 654, ¶ 25.)

¶12 Whether Somont was entitled to damages from C-W for plugging wells on any of the 28 leases in question was from the beginning in 1998 a part of this litigation. Somont claimed in its second amended complaint that C-W might damage the wells on the contested leases, and, if that happened, it would be entitled to damages. After the remand in *Somont I*, Somont filed a motion for contempt in which it claimed it was entitled to damages from C-W because C-W plugged 72 wells on the conceded leases. It cannot be gainsaid that this issue was squarely before the District Court.

¶13 On June 25, 2004, several months before the trial which lead to the appeal in *Somont II* commenced, counsel for both parties submitted a proposed pre-trial order to the District Court. This pre-trial order was signed by counsel and approved as to both form and content. The pre-trial order provided that it superseded the pleadings in this case. It did not list as an outstanding issue of law whether Somont was entitled to damages from C-W because C-W plugged the 72 wells. Nor did it state that a remaining issue of fact was the amount of such damages. Three days later, after granting a motion by Somont to strike a contention of C-W, the presiding District Judge signed the pre-trial order, which specifically stated that all pleadings were amended to conform to that order. At the ensuing trial, the issues contained in the pre-trial order were presented to the jury which rendered its verdict. No evidence was

5

presented concerning any damages that may have been suffered by Somont due to C-W plugging the 72 wells. In the appeal which resulted in this Court's decision in *Somont II*, Somont did not argue that it did not have a full opportunity to litigate whether it was entitled to such damages. There is nothing in the record indicating Somont was precluded from litigating whether it was entitled to damages from C-W for plugging the 72 wells, and if so the amount of such damages. This litigation came to a close upon this Court's decision in *Somont II* and the fixing of the attorneys' fees due Somont after remand.

¶14 We conclude that under the circumstances presented here *res judicata* applies, and the District Court did not err in denying Somont's motion for a determination that it is entitled to further damages from C-W.

¶15 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE