

DA 10-0230

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 56

LEE WISER and CHARLES CONLAN,

      Plaintiffs and Appellants,

  v.

MONTANA BOARD OF DENTISTRY,

      Defendants and Appellees.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2009-177
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Jonathan Motl; Reynolds, Motl & Sherwood, PLLP; Helena, Montana

      For Appellees:

          Steve Bullock, Montana Attorney General; Thomas G. Bowe, Assistant
Attorney General, Agency Legal Services; Helena, Montana

Submitted on Briefs:  December 1, 2010

Decided:  March 29, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Lee Wiser and Charles Conlan appeal from the Order of the First Judicial District Court, Lewis and Clark County, granting summary judgment to the Montana Board of Dentistry (BOD) on *res judicata* grounds. We affirm.

¶2     Did the District Court err in concluding that Appellants' claims against BOD were barred by *res judicata*?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Appellants/Plaintiffs Wiser and Conlan are licensed denturists. BOD is responsible for regulating the practice of denturitry. These parties appeared before this Court in *Wiser v. State (Wiser I)*, 2006 MT 20, 331 Mont. 28, 129 P.3d 133. In that case, Wiser and Conlan were among a large group of plaintiffs who filed an action against numerous defendants, including BOD, seeking declaratory, injunctive, and monetary relief, in part, on statutory and constitutional grounds related to the regulation of denturitry. The District Court granted summary judgment to the defendants and we affirmed.

¶4     This case arises out of BOD's assertion that Conlan and Wiser are exceeding the authorized scope of the practice of denturitry by fitting dentures on or over dental implants. BOD issued a complaint against Conlan in 2007, alleging that his comments at a hearing[1] constituted a basis for disciplinary action for violating § 37-1-316 (18), MCA

---

[1] At the hearing, Conlan stated, "I have been doing over dentures, implant over dentures for over twenty two (22) years in this state and over forty (40) years for your profession."

(2007)[2] and Admin. R. M. 24.138.2302(1)(j), which states: "(1) The board defines 'unprofessional conduct' as follows: . . . (j) fitting, attempting to fit or advertising to fit a prosthesis on or over a dental implant . . . ."[3]  In February of 2009, BOD issued an administrative subpoena to Conlan, directing him to produce documentation and attend a deposition on March 2, 2009.  BOD likewise issued an administrative subpoena in February 2009 to Wiser, requiring document production about the same alleged regulatory violation and requiring his attendance at a deposition.

¶5    Prior to the scheduled depositions, Wiser and Conlan filed a complaint against BOD seeking a judgment declaring Admin. R. M. 24.138.2302(1)(j) invalid due to a conflict with §§ 37-29-102 and 37-29-402, MCA, and as a violation of Plaintiffs' right to constitutional due process.  BOD answered the complaint and sought summary judgment on *res judicata* grounds.  The parties stipulated to dismissal of Plaintiffs' constitutional challenge, leaving only the statutory challenge before the court.  After briefing and hearing, the District Court granted summary judgment to BOD.  Wiser and Conlan appeal.  Additional facts as necessary are set forth below.

---

[2] Section 37-1-316(18), MCA (2007), reads: "The following is unprofessional conduct for a licensee . . . (18) conduct that does not meet the generally accepted standards of practice. . . ."

[3] This regulation was formerly Admin. R. M. 8.17.801(11).  In 2003, BOD changed the number of Admin. R. M. 8.17.801 to Admin. R. M. 24.138.2302.  20 Mont. Admin. Register 2436-37 (Oct. 30, 2003). The substance of the regulation remained the same.  Although Plaintiffs' complaint cites to Admin. R. M. 8.17.801(11), we will refer to the challenged regulation by its revised number, Admin. R. M. 24.138.2302(1)(j).

**STANDARD OF REVIEW**

¶6      We review a district court's grant of summary judgment de novo, applying the criteria in M. R. Civ. P. 56. *Alexander v. Bozeman Motors, Inc.*, 2010 MT 135, ¶ 15, 356 Mont. 439, 234 P.3d 880 (citing *Mattson v. Mont. Power Co.*, 2009 MT 286, ¶ 15, 352 Mont. 212, 215 P.3d 675). "Summary judgment may be granted only when there is a complete absence of genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 37, 345 Mont. 12, 192 P.3d 186 (citations omitted).

¶7      A district court's application of *res judicata* is an issue of law which we review for correctness. *Textana, Inc. v. Klabzuba Oil & Gas*, 2009 MT 401, ¶ 62, 353 Mont. 442, 222 P.3d 580 (citing *Thornton v. Alpine Home Ctr.*, 2001 MT 310, ¶ 10, 307 Mont. 529, 38 P.3d 855).

**DISCUSSION**

¶8      "The doctrine of *res judicata* bars the relitigation of a claim once a final judgment has been entered." *Parini v. Missoula Co. High Sch.*, 284 Mont. 14, 23, 944 P.2d 199, 204 (1997) (citation omitted). *Res judicata* bars a party from relitigating a matter that the party has already had the opportunity to litigate. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 16, 331 Mont. 281, 130 P.3d 1267 (citation omitted). The doctrine is premised on the policy that there must be some end to litigation. *In re Raymond W. George Trust*, 1999 MT 223, ¶ 47, 296 Mont. 56, 986 P.2d 427 (citation omitted).

4

¶9     A matter is *res judicata* to subsequent claims if the following criteria are satisfied: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the parties are the same to the subject matter and issues between them. *Somont Oil Co., Inc. v. A & G Drilling, Inc.*, 2008 MT 447, ¶ 8, 348 Mont. 12, 199 P.3d 241 (citation omitted). *Res judicata* applies after a final judgment has been entered. *Baltrusch*, ¶ 15 (citations omitted).

¶10    A final judgment was entered in *Wiser I*. *See Mills v. Lincoln Co.*, 262 Mont. 283, 285, 864 P.2d 1265, 1267 (1993) ("We reaffirm the proposition that a summary judgment is, indeed, a final judgment on the merits and that the *res judicata* bar is, therefore, applicable."). Appellants do not dispute that the parties here are the same as in *Wiser I*. However, Appellants and BOD dispute the remaining three elements.

¶11    First, Appellants contend that the subject matter is not the same. They argue *Wiser I* challenged "the overall authority of the BOD to engage in any regulation of any denturists, including regulation by ARM [24.138.2302(1)(j)]," but here they are seeking declaratory relief from BOD's "enforcement" of the regulation, which "overreaches and improperly restricts statutory license authority provided a denturist." BOD replies that *Wiser I* not only challenged BOD's authority, but also contested BOD's enforcement of the same regulation against individual denturists that is being challenged here.

¶12    In *State ex rel. Harlem Irrigation District v. Montana Seventeenth Judicial District Court*, 271 Mont. 129, 130, 894 P.2d 943, 943 (1995), the District, contending

the plaintiffs failed to pay taxes, terminated their water service. Plaintiffs brought suit, alleging that the District and several commissioners were liable for lost crops and for punitive damages. *Harlem*, 271 Mont. at 130-31, 894 P.2d at 944. The district court granted summary judgment to the District, which we affirmed. *Harlem*, 271 Mont. at 131, 894 P.2d at 944. Plaintiffs filed a new action alleging, inter alia, that the District violated contractual and statutory duties by denying them water. *Harlem*, 271 Mont. at 131, 894 P.2d at 944. We reversed the district court's denial of the District's motion for judgment on the pleadings based on *res judicata*. *Harlem*, 271 Mont. at 135, 894 P.2d at 946. In concluding that the subject matter of the actions was the same, we reasoned that the first suit concerned the District shutting off plaintiffs' water, and "[t]he underlying subject matter in the [second suit] . . . was the District's failure to provide water. The same subject matter that gave rise to the initial claim was the basis for the additional causes of action." *Harlem*, 271 Mont. at 133-34, 894 P.2d at 945.

¶13    The complaint filed herein is premised on Admin. R. M. 24.138.2302(1)(j) and the actions taken by BOD in alleging that Appellants are fitting dentures over implants, stating: "Wiser and Conlan have each been charged through a complaint generated by the BOD itself with unprofessional conduct under ARM [24.138.2302(1)(j)] and the BOD is actively seeking to enforce those complaints through subpoena work." In *Wiser I*, the complaint alleged that "the Board acted . . . to regulate denturitry through passage of regulations," including "ARM [24.138.2302(1)(j)] . . . defin[ing]

6

unprofessional conduct for a denturist as 'fitting or attempting to fit or advertising to fit a prosthesis on or over a dental implant . . . .'" The complaint in *Wiser I* further alleged:

> 52.  In addition to the unlawful actions set out above [including wrongful actions by way of regulation . . . which affected each plaintiff in a like manner], individual denturists also were affected by special unlawful actions directed solely at that denturist. . . .
>> **a.  Lee Wiser**
>
> . . . Wiser has . . . had a number of complaints filed against him by dentists . . . .  These complaints were designed to restrict the scope of Wiser's business practice by restricting him from placing a prosthesis upon implants . . . .  Several of such complaints are pending before the [BOD] at the time of the filing of this Complaint.[4]

We do not agree that *Wiser I* was focused only on BOD's "authority."  The allegations in *Wiser I* encompassed BOD's enforcement of Admin. R. M. 24.138.2302(1)(j) as well.  As in *Harlem*, we conclude that the subject matter which gave rise to *Wiser I* is the same subject which forms the basis of the present action.

¶14    Appellants also contest the identity of issues.  "'[U]nless it clearly appears that the precise question involved in the second case was raised and determined in the former, the judgment is no bar to the second action.'" *Phelan v. Lee Blaine Enters.*, 220 Mont. 296, 299, 716 P.2d 601, 603 (1986) (citation omitted).  *Wiser I* specifically challenged the validity of Admin. R. M.  24.138.2302(1)(j), and the complaint generally stated as follows:

---

[4] Appellants argue that Wiser, not Conlan, was referenced in the *Wiser I* complaint in regard to pending disciplinary complaints before BOD.  However, both appellants were within the group of plaintiff denturists in *Wiser I*, each alleging the same violations and legal theories.  The *Wiser I* complaint states, "[s]pecifically, *each* denturist has suffered losses and damages sustained for being wrongly restricted . . . in making dentures over implants . . . ." (Emphasis added.)

7

46. As defined in this Complaint, above, the Board . . . *has operated and continues to operate in violation of statutory authority* and/or the Montana Constitution. By this claim the plaintiffs . . . seek the following relief:

.  .  .

b. All regulations passed by the Board, customs adopted by the Board and complaint actions that in any way concern the profession of denturitry should be declared null and void . . . .

(Emphasis added.) The complaint in the present action states: "This declaratory judgment action seeks to have ARM [24.138.2302(1)(j)] declared a void attempt to contradict statutory law . . . . ARM [24.138.2302(1)(j)] should be declared as void as it conflicts with and attempts to limit rights granted and activities allowed by statute." Thus, the issue—whether Admin. R. M. 24.138.2302(1)(j) is invalid due to a conflict with statute—was the same in both cases. In *Wiser I*, the District Court rejected plaintiffs' contention that BOD acted in excess of its statutory authority, citing §§ 37-29-201, 37-1-131, and 37-1-319(5), MCA (2003), which gave BOD power to adopt and enforce rules related to disciplinary standards and unprofessional conduct. That part of the District Court's ruling in *Wiser I* was not challenged on appeal, so the District Court's ruling was a final determination of the issue for purposes of *res judicata*.

¶15 Appellants argue that new "facts" emerged after *Wiser I*—the 2007 BOD complaint against Conlan and 2009 subpoenas issued to Wiser and Conlan—which operate to raise new issues which had not yet accrued and therefore could not have been litigated in *Wiser I*. We have stated that, "[w]here two causes, although seeking the same relief, rest upon a different state of facts, the adjudication in the one constitutes no bar to

8

a recovery in the other." *Fox v. 7L Bar Ranch Co.*, 198 Mont. 201, 207, 645 P.2d 929, 932 (1982) (citations omitted). However, the BOD actions after *Wiser I* were not "a different state of facts" in substance. The factual substance of the current complaint, which asserts BOD enforcement of an asserted unlawful regulation, is the same as asserted in *Wiser I*. Had the claim in *Wiser I* contesting the validity of Admin. R. M. 24.138.2302(1)(j) been resolved in Appellants' favor, the current case would have been unnecessary. *See Harlem*, 271 Mont. at 134, 894 P.2d at 946 ("had they succeeded in their original action, they could have sought equitable relief which would have avoided the damage now complained of").

¶16 Appellants also argue that the legal theory of the statutory challenge in the present case differs from that in *Wiser I* such that the issues in the two suits are not "'identical,'"[5] and should not constitute relitigation. However, while the present case may state a narrower theory than stated in *Wiser I*, the underlying issue of both suits remains the same: whether BOD's promulgation of Admin. R. M. 24.138.2302(1)(j) is invalid because it conflicts with statute. The challenge in *Wiser I* was broad enough to encompass the new theories Appellants raised here. The complaint in *Wiser I* explained that "plaintiffs state that additional violations of statutory authority likely exist and reserve their right to timely add such additional claims."

¶17 "*[R]es judicata* bars not only issues that were actually litigated, but also those that *could have* been litigated in a prior proceeding." *Harlem*, 271 Mont. at 134, 894 P.2d at

_____

[5] Appellants use the term "identical issue," quoting *Baltrusch*, but that term was used there as part of the collateral estoppel, or issue preclusion, analysis. *See Baltrusch*, ¶ 18.

9

946 (second emphasis added) (citation omitted). "Finality is accorded to the disposition of all issues that were raised or that could have been raised; a party, therefore, is prohibited from relitigating a claim that he or she has already had an opportunity to litigate." *Parini*, 284 Mont. at 23, 944 P.2d at 204 (citation omitted); *see also Hall v. Heckerman*, 2000 MT 300, ¶ 16, 302 Mont. 345, 15 P.3d 869 (citations omitted) ("'A judgment is binding and conclusive . . . as to all issues which could have been properly raised irrespective of whether the particular matter was in fact litigated.'"). Appellants are prohibited from relitigating a claim they already had an opportunity to litigate.

¶18   Lastly, Appellants argue that the parties' capacities differ in the two actions. They argue that *Wiser I* involved more parties, and that their role in *Wiser I* was to act "on behalf of the profession of denturitry," while their role in this action is to personally defend their "scope of work." However, Appellants, as denturists, are again contesting BOD's promulgation and enforcement of the regulation restricting them from placing dentures over implants and, for this purpose, we see no distinction in their capacity to do so as a representative of a group as opposed to individually. In both actions, Appellants "litigated identical claims, in an identical capacity, against the same defendant[ ]," *Brault v. Smith*, 209 Mont. 21, 28, 679 P.2d 236, 239 (1984), thus satisfying the final element of *res judicata*.

¶19   Affirmed.

/S/ JIM RICE

10

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT