DA 10-0514

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 165

MIKE TOURIS and CHUCK SNEED,

Plaintiffs and Appellants,

v.

FLATHEAD COUNTY, BIGFORK LAND USE
ADVISORY COMMITTEE, FLATHEAD COUNTY
PLANNING BOARD, FLATHEAD COUNTY BOARD
OF COMMISSIONERS, FLATHEAD COUNTY PLANNING
AND ZONING OFFICE, FLATHEAD COUNTY
ZONING ADMINISTRATOR JEFF HARRIS
and DOES 1-10, inclusive,

Defendants and Appellees.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 08-355(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Tammi E. Fisher, Noah H. Bodman; Fisher Law Firm, Kalispell, Montana

For Appellees:

Paul J. Nicol; Office of the Flathead County Attorney, Kalispell, Montana

Submitted on Briefs: May 25, 2011

Decided: July 12, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Mike Touris and Chuck Sneed ("Touris") appeal from an order of the District Court, Eleventh Judicial District, Flathead County, granting summary judgment in favor of Flathead County, Bigfork Land Use Advisory Committee, Flathead County Planning Board, Flathead County Board of Commissioners, Flathead County Planning and Zoning Office, Flathead County Zoning Administrator Jeff Harris, and Does 1-10, inclusive ("the County"). We affirm.

## ISSUES

¶2    We restate Touris' issues on appeal:

1. Whether the District Court correctly concluded that res judicata barred Touris' claims.

2. Whether the County waived the defense of res judicata.

## BACKGROUND

¶3    On February 14, 2008, the Flathead County Board of Commissioners denied Touris' request for a zoning change. On March 7, 2008, pursuant to § 72-2-110, MCA, Touris filed a petition for judicial review, *Mike Touris and Chuck Sneed v. Flathead County Board of Commissioners*, DV-08-328(A) (*Touris I*), in the District Court of Flathead County. The petition challenged the validity of the Board of Commissioners' decision, factually alleging that (1) Touris applied for a zoning change, (2) the Bigfork Land Use Advisory Committee denied Touris' application, (3) the subsequent staff report from the Flathead County Planning and Zoning Office was inaccurate and biased, (4)

members of the Planning Board were aware of the inaccuracies and bias, (5) the Flathead County Board of Commissioners adopted the staff report, (6) some members of the Board of Commissioners realized that the staff report contradicted their opinions and sought new findings of fact, (7) the Bigfork Land Use Advisory Committee exerted undue pressure on the Board of Commissioners by writing letters to the local newspaper and a letter directly to the Board, and (8) at the subsequent hearing, despite knowing of the inaccurate report, the Board of Commissioners voted to deny Touris' application.

¶4    Touris argued that these facts established the Board of Commissioners' decision was based on errant findings of fact, was contrary to the stated opinion of one commissioner, and the Board of Commissioners had been improperly misled by the Zoning Administrator.  Touris further alleged:

> 22. On the foregoing bases, the decision of the Board of Commissioners was:
> a.  Made upon unlawful procedure;
> b.  Affected by errors of law;
> c.  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; and
> d.  Arbitrary and capricious and characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

¶5    On April 2, 2008, Flathead County filed an answer and moved for summary judgment.  In response, Touris argued, in part, that the Board of Commissioners' decision was a violation of equal protection, and substantive and procedural due process.  A year later, on April 14, 2009, Touris moved to dismiss *Touris I* with prejudice.  The District Court granted Touris' motion on April 21, 2009.

¶6    In the meantime, on March 14, 2008, seven days subsequent to the filing of *Touris*

3

*I,* Touris filed this current action (*Touris II*). *Touris II* set forth a factual scenario identical to *Touris I*, save for minor changes in paragraph structure and language. The *Touris II* complaint asserted 11 counts:

I  Violation of due process by the Bigfork Land Use Advisory Committee;

II  negligence/negligence per se by the Bigfork Land Use Advisory Committee;

III  violation of equal protection by the Bigfork Land Use Advisory Committee;

IIIa  negligence by the Planning Board;

IV  violation of equal protection by the Board of Commissioners;

V  negligence by the Board of Commissioners;

VI  violation of substantive due process by the Board of Commissioners;

VII  negligent misrepresentation by the Flathead County Planning and Zoning Office;

VIII  violation of equal protection by the Flathead County Planning and Zoning Office;

IX  violation of procedural due process by Jeff Harris; and

X  failure by Flathead County to adequately train and supervise employees and board members.

¶7 On April 3, 2008, the County moved to dismiss *Touris II* pursuant to M. R. Civ. P. 12(b)(6). On January 13, 2009, the District Court entered an order dismissing some of the counts. The District Court left in place Touris' simple negligence counts (II, IIIa, V), and equal protection claims (III, VIII). Additionally, the Court declined to dismiss Touris' failure-to-train count (X), because it was premised on the surviving equal protection claims. Flathead County filed an answer on February 2, 2009.

¶8 On December 1, 2009, Flathead County moved to amend its answer to include a defense of res judicata. The County argued it was previously unable to assert res judicata because *Touris I* was pending when the original answer in *Touris II* was filed. On

4

February 9, 2010, the District Court granted the County's motion. The County subsequently amended its answer in *Touris II* and included res judicata as an affirmative defense.

¶9 On February 26, 2010, the County moved for summary judgment on the remaining counts in *Touris II*. The County asserted that *Touris II* was barred by res judicata. On October 4, 2010, the District Court entered an order dismissing *Touris II*. Touris appeals from that dismissal.

## STANDARD OF REVIEW

¶10 We review a court's grant of summary judgment de novo. *Wiser v. Mont. Bd. of Dentistry*, 2011 MT 56, ¶ 6, 360 Mont. 1, __ P.3d __. "A district court's application of res judicata is an issue of law which we review for correctness." *Wiser*, ¶ 7.

## DISCUSSION

¶11 *Whether the District Court correctly concluded that res judicata barred Touris' claims in* Touris II.

¶12 The doctrine of res judicata, or claim preclusion, bars re-litigation of a claim that a party has already had the opportunity to litigate. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. Central to res judicata is the concept of finality; litigation must, at some point, come to an end. *State v. Southwick*, 2007 MT 257, ¶ 15, 339 Mont. 281, 169 P.3d 698*; Orlando v. Prewett*, 236 Mont. 478, 481, 771 P.2d 111, 113 (1989). In addition, res judicata promotes judicial efficiency, deterring plaintiffs from splitting a single cause of action into more than one lawsuit. *Baltrusch*, ¶ 15.

¶13     A matter is res judicata if four elements are met:

1.  The parties or their privies are the same;
2.  The subject matter of the present and past actions is the same;
3.  The issues are the same and relate to the same subject matter; and
4.  The capacities of the parties are the same to the subject matter and issues between them.

*Wiser*, ¶ 9.   Additionally, res judicata only applies once a final judgment on the merits has been entered in an earlier action.  *Baltrusch*, ¶ 15; *Wiser*, ¶ 9.

¶14     On appeal, Touris concedes that the first element, parties and privies, is met. Touris concedes the fourth element as well.  Touris challenges (1) whether *Touris I* was a final judgment on the merits, (2) whether the subject matter of *Touris I* is the same as *Touris II*, and (3) whether the issues of *Touris I*, are the same as *Touris II* and relate to the same subject matter.  We address each in turn.

        *a.  Final Judgment on the Merits*

¶15     *Touris I* was a final judgment on the merits for the purposes of res judicata because Touris dismissed that action with prejudice.  Voluntary dismissal of an action with prejudice constitutes a final judgment on the merits.  *Beasley v. Flathead County*, 2009 MT 121, ¶ 19, 350 Mont. 177, 206 P.3d 915.  The fact that *Touris I* was resolved without substantive resolution of the merits of Touris' claims is irrelevant for the purposes of res judicata.  *See Xin Xu v. McLaughlin Research Inst. for Biomedical Science*, 2005 MT 209, ¶¶ 32-36, 328 Mont. 232, 119 P.3d 100 (res judicata barred defamation claim because it could have been brought in prior action that had been dismissed with prejudice).

6

¶16 Moreover, Touris' assertion that res judicata applies only to actions filed subsequent to a final judgment, is meritless. The "date of rendition of the judgment is controlling for purposes of res judicata, not the dates of commencement of the action creating the bar or the action to be affected by the bar." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998); *see Vines v. Univ. of La.*, 398 F.3d 700, 712 (5th Cir. 2005); *see Blair v. Equifax Check Servs.*, 181 F.3d 832, 838 (7th Cir. 1999); *Restatement (Second) of Judgments* § 14 (1980) ("For the purposes of res judicata, the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect."). Thus, when *Touris I* was dismissed with prejudice on April 21, it became a final judgment for res judicata purposes and applied to *Touris II*. To accept Touris' position would encourage the duplicative, piecemeal and potentially endless filings that res judicata seeks to prevent. *Somont Oil Co. v. A & G Drilling, Inc.*, 2008 MT 447, ¶ 11, 348 Mont. 12, 199 P.3d 241; *Olympic Coast Inv., Inc. v. Wright*, 2005 MT 4, ¶ 26, 325 Mont. 307, 105 P.3d 743.

b. *Subject Matter*

¶17 The subject matter of *Touris I* and *Touris II* is identical. This element of res judicata is concerned with whether the two actions arise from the same underlying basis. *Wiser*, ¶¶ 12-13; *State ex rel. Harlem Irrigation Dist. v. Montana Seventeenth Judicial Dist. Court*, 271 Mont. 129, 133-34, 894 P.2d 943, 945 (1995). At the heart of both *Touris I* and *Touris II* is the validity of the decision by the Flathead County Board of

7

Commissioners to deny Touris' request for a zoning change. As previously noted, both actions rely on an identical factual basis. Touris makes no plausible argument that *Touris I* and *Touris II* concern distinct subject matter.

### c. Identity of Issues

¶18    "Res judicata bars not only issues that were actually litigated, but also those that could have been litigated in a prior proceeding." *Harlem*, 271 Mont. at 134, 894 P.2d at 946; *accord Wiser*, ¶ 17. In the case at hand, Touris actually litigated all of *Touris II*'s issues in *Touris I*. Touris' numerous negligence claims in *Touris II* were all alleged as the factual basis for *Touris I*. In fact, he concedes, "*Touris II* does contain certain claims that seek damages for the negligent decision of the Commissioners which potentially involves a similar analysis to the claims of *Touris I*." Furthermore, Touris alleged violations of equal protection in *Touris I*. The District Court found that in *Touris I*, "Plaintiffs argued that their rights to equal protection and substantive and procedural due process had been violated." Touris has not challenged this finding on appeal. Finally, the District Court concluded that the failure-to-train count was derivative of Touris' alleged equal protection violations, and Touris has not challenged this conclusion on appeal. Thus, all of the claims in *Touris II* were litigated in *Touris I*.

¶19    Touris asserts that a petition for judicial review is procedurally distinct from a jury trial, and that this difference precludes res judicata. However, this argument is beside the point. Touris dismissed *Touris I* with prejudice. An action that is dismissed "with prejudice" is conclusive as to the rights of the parties '"as if the suit had been prosecuted

8

to a final adjudication adverse to the plaintiff.'" *State ex rel. Torres v. Montana Eighth Judicial Dist. Court*, 265 Mont. 445, 452, 877 P.2d 1008, 1012 (1994) (quoting *Schuster v. Northern Co.*, 127 Mont. 39, 45, 257 P.2d 249, 252 (1953)). When Touris dismissed *Touris I* with prejudice, all of his claims that were raised were adjudicated adversely to him. Thus, there is nothing left to litigate in *Touris II*. Touris foreclosed on that possibility when he dismissed *Touris I* with prejudice.

¶20 *Whether the County waived the defense of res judicata*.

¶21 Touris makes a final argument that res judicata cannot apply because the County waived the right to assert res judicata. He argues that by allowing *Touris I* and *Touris II* to proceed concurrently, the County acquiesced to "split-claims." The *Restatement (Second) of Judgments* provides that res judicata does not apply where the "parties have agreed in term or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein." *Restatement (Second) of Judgments*, § 26(1)(a).

¶22 Montana has never adopted § 26 of the restatement, *Fisher v. State Farm Gen. Ins. Co.*, 1999 MT 308, ¶ 17, 297 Mont. 201, 991 P.2d 452, and we need not decide whether adoption is warranted in the case at hand. In *Fisher*, the Court concluded, "this is not a 'claim splitting' case but, rather, one in which the original complaint was drafted so broadly that the judgment in that action precluded [t]his second action." *Fisher*, ¶ 18. Likewise, *Touris I* and *Touris II* did not involve split claims; they involved the same claims. As noted above, *Touris II*'s issues were raised in *Touris I*. As a result, the judgment in *Touris I* precludes *Touris II*. A plaintiff cannot continually seek re-litigation

9

of issues under the guise of "claim-splitting." To accept Touris' position would frustrate a purpose of res judicata, protecting defendants from repetitive lawsuits, and instead encourage a veritable whack-a-mole of contemporaneously-filed duplicative lawsuits based upon identical claims.

¶23    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE