DA 11-0402

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 317N

STEPHEN K. FORBES,

      Petitioner and Appellant,

  v.

CITY OF GREAT FALLS,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDV 10-0510(a)
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Stephen K. Forbes, (self-represented litigant); Great Falls,
Montana

      For Appellee:

          Paul R. Haffeman; Davis, Hatley, Haffeman & Tighe, P.C.
Great Falls, Montana

Submitted on Briefs:  December 7, 2011

Decided:  December 20, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1  Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2  Stephen Forbes and several members of his family, appearing individually and pro se, filed an action against the City of Great Falls arising from disputes with the City over an electrical pole on a parcel of property owned by Forbes Properties, Inc.  That case was known as *Forbes Family v. City of Great Falls & Jeff Jenkins*, Cause No. ADV-09-565. In March, 2010, the District Court dismissed that action pursuant to M. R. Civ. P. 17(a) because it was not being prosecuted by Forbes Properties, Inc., the real party in interest. Thereafter the District Court entered a judgment in favor of the City, and the City served Forbes with a notice of entry of judgment.  There was no appeal.

¶3  In May, 2010, Stephen Forbes commenced the present action against the City. The City moved to dismiss on several grounds, including res judicata or claim preclusion, based upon dismissal of the prior action. The District Court granted the City's motion to dismiss. On appeal Forbes argues that the District Court improperly ruled on the City's motion without first scheduling a trial date and without holding a hearing.

¶4  A district court's application of the principles of res judicata is an issue of law, which we review for correctness.  *Touris v. Flathead County*, 2011 MT 165, ¶ 10, 361

2

Mont. 172, 258 P.3d 1. The District Court issued a written opinion, undertaking a thorough analysis, comparing the two actions and concluding that the present action was barred by the dismissal of the prior action in 2010. The District Court properly considered and applied the elements of claim preclusion or res judicata provided for in existing Montana law. *Somont Oil Co. v. A & G Drilling, Inc.*, 2008 MT 447, ¶ 8, 348 Mont. 12, 199 P.3d 241. The District Court was not required to set a trial date or to hold a hearing prior to ruling on the motion to dismiss.

¶5 The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶6 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS