**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEN WALLACE and PAMELA
WALLACE,

Plaintiffs - Appellants,

v.

NORMAN HAYES; et al.,

Defendants - Appellees.

No. 12-35423

D.C. No. 1:11-cv-00084-RFC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Submitted November 5, 2013**
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and MAHAN, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James C. Mahan, District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

Len and Pamela Wallace appeal from the district court's judgment dismissing the action for lack of jurisdiction under the *Rooker-Feldman* doctrine, or alternatively, as barred by res judicata. The Wallaces also challenge the district court's imposition of sanctions under Federal Rule of Civil Procedure 11. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

The district court properly dismissed the action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the Wallaces' complaint was a de facto appeal of Montana state court decisions. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). Because the Wallaces already litigated their contentions of extrinsic fraud in Montana state court, the claims of extrinsic fraud that are the basis for this federal action are inextricably intertwined with the state court decisions. Therefore, adjudication of these claims in federal court would undercut the state rulings. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859–60 (9th Cir. 2008).

Additionally, the Wallaces' claims are barred by res judicata. Under Montana law, res judicata applies if: "1. The parties or their privies are the same; 2. The subject matter of the present and past actions is the same; 3. The issues are the same and relate to the same subject matter; and 4. The capacities of the parties

2

are the same to the subject matter and issues between them." *Touris v. Flathead Cnty.*, 258 P.3d 1, 4 (Mont. 2011); *see also Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) ("[F]ederal courts apply state law to determine the preclusive effect of state court judgments . . . ."). All four elements are present in this case.

The district court properly imposed sanctions against the Wallaces and their counsel for bringing a frivolous lawsuit. *See Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 802 n.8 (9th Cir. 2012). The district court did not abuse its discretion in concluding that the Wallaces' complaint is legally baseless, and that counsel did not conduct a reasonable and competent inquiry before filing it. *See Strom v. United States*, 641 F.3d 1051, 1059 (9th Cir. 2011); *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

Nevertheless, we decline to impose sanctions against the Wallaces under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal, because Norman Hayes only requested sanctions in his answering brief, which did not provide sufficient notice to the Wallaces. *See* Fed. R. App. P. 38; *Gabor v. Frazer*, 78 F.3d 459, 460–61 (9th Cir. 1996) (citing advisory committee notes).

**AFFIRMED.**

3