FILED

09/13/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0092

DA 16-0092

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 228N

TONY L. SAGAMI,

        Plaintiff and Appellee,

    v.

KELLY JOHNS,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DV 13-387(A) Honorable Amy Eddy, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Kelly Johns, Self-Represented, Kalispell, Montana

        For Appellee:

            Marybeth M. Sampsel, Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell, Montana

                       Submitted on Briefs: July 20, 2016

                             Decided: September 13, 2016

Filed:

_____
                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The marriage of Plaintiff Tony L. Sagami (Tony) and Defendant Kelly Johns (Kelly) was dissolved on August 22, 2008, in the Eleventh Judicial District Court by the Honorable Katherine R. Curtis. The decree of dissolution awarded Local Joe's, LLC, a marital asset, to Kelly and Monocle Systems, LLC, also a marital asset, to Tony. The court directed that Monocle be sold to a long term employee, Ray Dominick (Ray), and assigned a value to the asset of $130,439.00. The decree provided that "[Kelly], with the cooperation of [Tony], should see to the terms and conditions of the sale and the management of Monocle pending the sale. [Tony] should be the recipient of the proceeds of the sale."

¶3 Following the parties' dissolution, Ray took over Tony's role of primarily managing Monocle, while Kelly continued to pay the bills and take care of the finances, as she had previously done. On October 7, 2008, prior to the trial in the dissolution proceedings, Kelly wrote and signed a check from Monocle to Local Joe's in the amount of $6,500. It is undisputed that Local Joe's had written three checks totaling $9,500 to Monocle during 2008. Kelly represented that the $6,500 check from Monocle was only a

2

partial payment on the $9,500 loan from Local Joe's to Monocle. The removal of these funds from Monocle rendered Monocle insolvent.

¶4 Kelly subsequently entered into a contract with Ray and signed a corresponding Bill of Sale which was to be effective December 20, 2008. The sale, however, did not take place because a data feed from another corporation, Advisor's Square, and upon which Monocle relied to generate stock market information for its clients, was cut off on December 19, 2008. As a result, Tony filed a motion for contempt in 2011 in the underlying dissolution proceeding, Cause No. DR-07-392 (B), alleging that Kelly's failure to sell Monocle was a violation of the decree.

¶5 On May 31, 2011, Judge Curtis conducted a hearing on Tony's motion for contempt. Tony appeared with his attorney and testified. Kelly appeared pro se and also testified. At that time, Tony owed child support arrearages approaching $145,000. He asked that Kelly be held in contempt for failing to ensure the sale of Monocle and that the value attributed to Monocle in the decree of $130,439 be credited towards his child support arrearage. During the hearing, Tony explained that the $6,500 check Kelly wrote out of the Monocle account "essentially emptied out the entire working capital of that business, including the payroll taxes withholded [sic] for Ray Dominic, and so essentially Monocle had zero money to pay its bills, including payroll or to any of its vendors." The $6,500 check was admitted into evidence and further testimony from Kelly explained that the check was a partial repayment of the $9,500 loan Local Joe's had made to Monocle. During cross-examination by Tony's counsel, Kelly explained to the court that she did

3

not disclose the $6,500 because, "I continued managing all of Monocle's bills, paying employees and doing everything I had done always, bringing in deposits, paying the bills, issuing loans to it, returning the loans." At the conclusion of the hearing, the court found that Kelly had done "everything within her power to sell Monocle" and that she managed Monocle for a year following the divorce without any cooperation from Tony. The court denied Tony's motion for contempt.

¶6 In 2013, Tony, through counsel, filed a new cause of action against Kelly, DV-13-387 (A), alleging breach of fiduciary duty, constructive fraud and conversion related to Kelly's issuance of the $6,500 check in 2008. Both parties filed motions for summary judgment. Kelly, appearing pro se, argued that res judicata applied to the Complaint because the issue regarding conversion of the $6,500 was raised in the contempt proceeding. In an order dated March 25, 2014, the Honorable Ted O. Lympus denied both parties' motions for summary judgment without addressing Kelly's argument of res judicata.

¶7 A bench trial was held two years later on January 28, 2016. The District Court, the Honorable Amy Eddy presiding, issued an order on January 29, 2016, concluding that Kelly had converted the $6,500 from Monocle to Local Joe's to Tony's detriment. The court found in Tony's favor and awarded the amount of $6,500 plus 10% interest from the date of conversion, October 7, 2008. Prejudgment interest was $4,749.36, making the total judgment against Kelly $11,249.36.

¶8 Kelly appeals, arguing that the issue of whether she wrongfully converted the $6,500 check was before Judge Curtis in 2011 and that Judge Curtis did not hold her in contempt. Tony does not dispute that Kelly is appealing from Judge Lympus' March 25, 2014 order denying Kelly summary judgment and rejecting her argument that the proceeding was barred by res judicata. We thus consider whether conversion of the $6,500 was raised and considered by Judge Curtis in the contempt proceedings, rendering the current proceeding barred by res judicata.

¶9 A matter is barred by the doctrine of res judicata if four elements are met: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the parties are the same as to the subject matter and issues between them. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶¶ 15-16, 331 Mont. 281, 130 P.3d 1267; *Wiser v. Mont. Bd. of Dentistry*, 2011 MT 56, ¶ 9, 360 Mont. 1, 251 P.3d 675. Here, elements (1) and (4) are met as the parties are the same and their capacity in relation to the disputed $6,500 check are likewise the same. Further, element (2) is satisfied because the subject matter of both the contempt proceeding and the complaint for conversion addressed and considered the propriety of Kelly's action in writing the $6,500 check from Monocle's account. Finally, Tony argued in the contempt proceeding that Kelly failed to disclose and without lawful authority removed property belonging to Tony when she wrote the check for $6,500 from Monocle's account. "The essential elements of an action for conversion are the plaintiff's ownership and right of possession of the personalty, its

5

conversion by defendant, and resulting damages." *Gebhardt v. D.A. Davidson & Co.*, 203 Mont. 384, 389, 661 P.2d 855, 858 (1983). While contempt is a different action than conversion, it is undeniable that Tony alleged in the contempt proceeding that Kelly's act in issuing the check was unlawful and constituted a basis for the court to conclude she was in violation of the decree. The court could have ordered Kelly to pay Tony the $6,500 had it concluded that she was in contempt of the decree of dissolution. *See Marez v. Marshall*, 2014 MT 333, ¶ 32, 377 Mont. 304, 340 P.3d 520 (quoting *Milanovich v. Milanovich*, 201 Mont. 332, 336, 655 P.2d 963, 965 (1982)) ("In family law cases, 'the best remedy to [e]nsure respect for the law and the orderly progress of relations between family members split by dissolution is to give effect to the contempt powers of the District Court.'"). Accordingly, all elements of res judicata were satisfied and Judge Lympus incorrectly rejected Kelly's argument that the action was barred by res judicata. We conclude that summary judgment should have been granted in Kelly's favor.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court incorrectly interpreted. The judgment of the District Court is reversed and the District Court is directed to enter summary judgment for Kelly and dismiss Tony's complaint.

/S/ LAURIE McKINNON

6

We Concur:


/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE