**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER NORMAN LEEK, | No. 17-35006 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00050-BMM |
| v. | |
| MONTANA BOARD OF PARDONS AND PAROLE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Peter Norman Leek, a Montana state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that the Montana

Board of Pardons and Parole placed unconstitutional conditions on his eligibility

for parole.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Leek's action as barred by the doctrine of res judicata because the parties or those in privity with them, subject matter, issues, and capacities of the parties are the same as in Leek's prior state court action for habeas corpus.  *See Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) (explaining that a "reasoned habeas judgment" has the same preclusive effect in federal court as in state court and that federal courts apply state law in determining whether a plaintiff's earlier state habeas petition bars his § 1983 claims); *Wiser v. Mont. Bd. of Dentistry*, 251 P.3d 675, 677, 679 (Mont. 2011) (setting forth requirements for application of res judicata under Montana law and explaining that res judicata not only bars issues actually litigated but also those that could have been litigated).

The district court did not abuse its discretion by denying Leek leave to file an amended complaint because amendment would be futile.  *See U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051-52 (9th Cir. 2001) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

We reject as unsupported by the record Leek's contention that the district

court improperly denied his requests for assistance.

We reject as without merit Leek's contention that the district court denied him due process.

**AFFIRMED.**