FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0150

DA 21-0150

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 283N

STATE OF MONTANA,

      Petitioner and Appellee,

  v.

PAMELA JO POLEJEWSKI,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV-20-274
Honorable Michele R. Levine, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Pamela Jo Polejewski, Self-Represented, Great Falls, Montana

      For Appellee:

          Jordan Y. Crosby, James R. Zadick, Ugrin Alexander Zadick, P.C.,
Great Falls, Montana

          Joshua A. Racki, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  October 6, 2021
Decided:  November 2, 2021

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Pamela Jo Polejewski appeals the Eighth Judicial District Court's March 26, 2021 order denying her requests for an injunction and reconsideration of constitutional issues related to the forfeiture of her animals pursuant to § 27-1-434, MCA.  We affirm.

¶3      One hundred seventy-two animals were removed from Polejewski's property pursuant to a search warrant after officers responding to a May 6, 2020 fire observed cruel living conditions.  The county took custody of the animals, and veterinarians directed by the Cascade County Sheriff's Office assessed the animals' health and medical needs. While legal proceedings were pending, some animals passed away and some were euthanized for their well-being upon veterinarian recommendation.

¶4      On May 15, 2020, Polejewski was arrested on four counts of animal cruelty pursuant to § 45-8-211(1)(b) and (1)(c)(iii), MCA, and one count of aggravated animal cruelty pursuant to § 45-8-217(2), MCA.

¶5      On May 18, 2020, the State filed a Petition for Animal Welfare and Cost of Care pursuant to § 27-1-434, MCA.  An evidentiary hearing was held on May 26, 2020.  At the hearing, Polejewski was represented by counsel but declined to call witnesses or introduce

2

evidence. Polejewski also did not raise any constitutional arguments at that time. The State presented photographic evidence and testimony from law enforcement, animal shelter staff, and veterinarians showing the conditions of the animals and Polejewski's property, as well as demonstrating the animals' monthly costs of care. On June 4, 2020, the District Court issued an order finding by a preponderance of the evidence that the animals had been subjected to cruelty and that the reasonable monthly cost of their care was $31,019.60. Pursuant to the statute, the order provided Polejewski was to post a bond for the monthly costs by June 1, 2020.

¶6 Because Polejewski failed to post the $31,019.60 bond within five days of the order's payment date, the District Court issued an Order of Forfeiture pursuant to § 27-1-434(6)(e), MCA. The Order of Forfeiture was stayed pending Polejewski's first appeal.

¶7 In *State v. Polejewski*, No. DA 20-0306, 2020 MT 287N, 2020 Mont. LEXIS 2484 *Polejewski I)*, this Court affirmed the District Court's June 4, 2020 order, declining review of Polejewski's constitutional arguments because they were first raised on appeal. The State exercised its right to forfeiture and released the animals for adoption.

¶8 One day after the Notice of Filing Remittitur for *Polejewski I* was filed, Polejewski filed a motion for reconsideration and a motion for injunction with the District Court. The District Court held a hearing on the motions on February 18, 2021. Both Polejewski and the State appeared and presented arguments. On March 26, 2021, the court issued its ruling denying Polejewski's motions. The court held Polejewski's constitutional claims were barred by res judicata and that the State had legally exercised its authority to release the

3

forfeited animals pursuant to this Court's affirmation, rendering her motion for injunction moot. Polejewski appeals.

¶9 Whether a district court correctly applied the doctrine of claim preclusion (res judicata) is a question of law this Court reviews de novo for correctness. *Reisbeck v. Farmers Ins. Exch.*, 2020 MT 171, ¶ 10, 400 Mont. 345, 467 P.3d 557. When the grant or denial of an injunction is based solely upon conclusions of law, we review the district court's conclusions for correctness. *City of Whitefish v. Bd. of Cty. Comm'rs of Flathead Cty.*, 2008 MT 436, ¶ 7, 347 Mont. 490, 199 P.3d 201.

¶10 Claim preclusion bars issues in a second suit between the same parties or their privies that could have been litigated in a prior cause of action when the second suit is based on the same cause of action as the first. *Reisbeck*, ¶ 15. Finality is central to claim preclusion, *Touris v. Flathead County*, 2011 MT 165, ¶ 12, 361 Mont. 172, 258 P.3d 1 (using the term "res judicata"), and the doctrine promotes a judicial policy "favoring a definite end to litigation." *Somont Oil Co. v. A & G Drilling, Inc.*, 2008 MT 447, ¶ 8, 348 Mont. 12, 199 P.3d 241. Claim preclusion applies once a final judgment on the merits has been entered in an earlier action. *Reisbeck*, ¶ 15; *Touris*, ¶ 13. When there has been a full opportunity to present an issue, the determination of the court in that proceeding is final as to all those issues raised or which fairly could have been raised. *Somont Oil*, ¶ 11. Claim preclusion bars a claim if in the past and present actions (1) the parties or their privies are the same; (2) the subject matter is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the parties are the same as to the subject matter and the issues between them. *Reisbeck*, ¶ 15; *Touris*, ¶ 13.

4

¶11 In *Polejewski I*, this Court held Polejewski waived her constitutional challenges by failing to properly preserve those objections before the district court at the May 26, 2020 hearing. Here, Polejewski again seeks to bring constitutional challenges based on the same cause of action as in *Polejewski I*. The parties, subject matter, issues, and capacities of the parties are identical to *Polejewski I*. The District Court correctly determined Polejewski's claims are barred by claim preclusion.

¶12 As to the injunction, the District Court correctly determined that Polejewski did not timely post the ordered bond and therefore the State was statutorily authorized to release the forfeited animals under § 27-1-434(6)(e), MCA. The District Court was correct that, because the animals had already been legally disposed of, Polejewski's injunction request was moot.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE