

DA 11-0700

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 132

MOUNTAIN WEST BANK, N.A.,

        Plaintiff and Appellee,

  vs.

GLACIER KITCHENS, INC., CR WEAVER
TRUST, and THE ESTATE OF GRACE WEAVER,

        Defendants and Appellants.

APPEAL FROM:     District Court of the Eleventh Judicial District,
                     In and For the County of Flathead, Cause No. DV 10-708(B)
                     Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                William L. Managhan, Managhan Law Firm, Kalispell, Montana

        For Appellee:

                Amy Randall, Vice-President/General Counsel, Mountain West Bank, N.A.,
                Helena, Montana

Submitted on Briefs:   May 9, 2012
Decided:   June 26, 2012

Filed:

_____
                           Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Glacier Kitchens, Inc., CR Weaver Trust, and the Estate of Grace Weaver (collectively "the Defendants") appeal from the denial of their motion to set aside the default judgments issued against them in the Eleventh Judicial District Court, Flathead County. We reverse and remand.

## BACKGROUND

¶2     On May 17, 2010, CR Weaver (Weaver), appearing pro se, filed a complaint in the Eleventh Judicial District Court, Flathead County, against Mountain West Bank (MWB) alleging breach of contract, unfair trade practices, and a violation of the implied covenant of good faith and fair dealing.  MWB filed its answer and counterclaim for judicial foreclosure on June 4, 2010.  MWB's counterclaim included claims against both Weaver and the Defendants.  On June 20, 2010, MWB attempted to serve the Defendants at the residence of Weaver by personally serving Weaver's daughter Elizabeth Weaver (Elizabeth).  Elizabeth bears no relationship to the Defendants, other than she is Weaver's daughter.  Elizabeth is not a registered agent or corporate officer of Glacier Kitchens, she is not a trustee of the CR Weaver Trust, and she is not a personal representative of the Estate of Grace Weaver.

¶3     On July 12, 2010, Weaver filed a pro se answer to MWB's counterclaim as it related to him.  The Defendants failed to file an answer or otherwise appear in the District Court. As a result, MWB applied for entries of default against the Defendants on July 26, 2010.  The clerk entered defaults against the Defendants on July 28, 2010.  On August 3, 2010, MWB

2

applied for default judgments against the Defendants. The District Court issued default judgments on August 9, 2010.

¶4 On August 30, 2010, Weaver filed a pro se motion to set aside the judgments against the Defendants. In his motion, Weaver noted that Elizabeth was not legally qualified to accept service on behalf of the Defendants. MWB objected and argued that Weaver had failed to explain why Elizabeth was not authorized to accept service on behalf of the Defendants. MWB additionally contended that Weaver, as a non-attorney, could not appear on behalf of the Defendants. On November 1, 2010, MWB filed a notice of issue with the District Court because the court had yet to issue a decision on the pending motions to set aside the default judgments. On January 12, 2011, MWB requested a hearing on the motions to set aside the default judgments. The District court did not respond to either of MWB's requests.

¶5 On February 1, 2011, Weaver filed a second set of pro se motions seeking to set aside the default judgments entered against the Defendants. These motions were again based on a lack of service, but this time Weaver cited M. R. Civ. P. 4D (2009), and included an affidavit from Elizabeth stating that she was not legally authorized to accept service on behalf of any of the Defendants. MWB objected on the grounds that the motions were duplicative of Weaver's prior motions and that Weaver was still incapable of appearing on behalf of the Defendants.

¶6 Weaver then filed a pro se appeal with this Court on February 10, 2011, asserting that the default judgments should be overturned. *See* Order, *Mountain West Bank v. Glacier*

*Kitchens, Inc.*, DA 11-0083. We dismissed this appeal without prejudice due to the fact that Weaver, as a pro se appellant, was unable to bring an appeal on behalf of the Defendants.

¶7 Following this Court's dismissal, the Defendants obtained counsel, and on August 29, 2011, the Defendants, through counsel, made a motion to set aside the default judgments pursuant to M. R. Civ. P. 60(b) (2009). The Defendants argued that the default judgments were void because the District Court lacked personal jurisdiction over them due to MWB's failure to properly serve the Defendants. MWB objected only on the basis that the motion was duplicative. The Defendants' motion to set aside the default judgments was deemed denied pursuant to M. R. Civ. P. 60(c) (2009) when the District Court failed to rule on them within 60 days. It is from this denial that the Defendants appeal.

¶8 We restate the issue on appeal as follows:

¶9 *Did the District Court err when it denied the Defendants' motion to set aside the default judgments pursuant to M. R. Civ. P. 60(b) (2009)?*

## STANDARD OF REVIEW

¶10 We disfavor default judgments because of our policy that cases are to be tried on the merits. *Mont. Prof. Sports v. Natl. Indoor Football League*, 2008 MT 98, ¶ 21, 342 Mont. 292, 180 P.3d 1142. We review a district court's decision to deny a motion to set aside a default judgment for only a slight abuse of discretion. *Mont. Prof. Sports*, ¶ 21.

## DISCUSSION

¶11 The Defendants argue the default judgments entered against them are void because the Defendants were never properly served pursuant to M. R. Civ. P. 4D (2009). MWB

4

argues that the Defendants' motion to set aside the judgments was not timely, the claims are *res judicata*, and the Defendants were properly served.

¶12　MWB's first argument regarding the timeliness of the Defendants' third set of motions is itself not timely.  At the District Court, MWB had the opportunity to object to the Defendants' motions to set aside the default judgments on the basis of timeliness on three separate occasions and failed to do so.  Weaver first attempted to set aside the default judgments less than thirty days after the District Court issued the default judgments.  MWB argued only the merits of the motions and that Weaver could not represent the Defendants.  Weaver next attempted to set aside the default judgments less than thirty days after MWB requested a hearing on the pending motions.  In response, MWB argued on the merits of the motions, that the motions were duplicative, and that Weaver could not represent the Defendants.  Weaver's third set of motions was filed shortly after he obtained counsel.  MWB relied on the same merit based arguments, and that the motions were duplicative.  In total, MWB was presented with three variations of the Defendants' motions to set aside the default judgments, yet MWB failed to seize these opportunities and argue timeliness.  Instead, MWB presents it for the first time on appeal.

¶13　Our rule with regard to arguments presented for the first time on appeal is well established.  We will generally not address either an issue raised for the first time on appeal or a party's change in legal theory.  *Becker v. Rosebud Operating Servs.*, 2008 MT 285, ¶ 17, 345 Mont. 368, 191 P.3d 435 (citing *Day v. Payne,* 280 Mont. 273, 276, 929 P.2d 864, 866 (1996)).  There is no evidence that MWB ever raised the issue of timeliness regarding the

5

Defendants' M. R. Civ. P. 60(b) (2009) motion in the District Court. Because it would be "fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider," we will not now consider MWB's timeliness argument. *See Day*, 280 Mont. at 276-77, 929 P.2d at 866.

¶14 MWB next contends that the Defendants' motion to set aside the default judgments is *res judicata* because it is the Defendants' third set of motions on the same issue. The doctrine of *res judicata* bars re-litigation of a claim that a party has already had the opportunity to litigate. *Touris v. Flathead County*, 2011 MT 165, ¶ 12, 361 Mont. 172, 258 P.3d 1. Res judicata, however, only applies once a final *judgment* on the merits has been entered in an earlier action. *Touris*, ¶ 13 (emphasis added). In order to have a preclusive effect, a final *judgment* must be a valid judgment because an invalid judgment is no judgment at all. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1991) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process. Hence, if Genisco failed to serve Mason properly in the earlier action, the default judgment is void and has no res judicata effect in this action.") Accordingly, only a valid judgment may be the basis of the application of res judicata. James Wm. Moore, *Moore's Federal Practice*, Vol. 18, § 131.30(1)(a) (3d ed., Matthew Bender 2012). Because we find the default judgments void, as discussed below, the doctrine of res judicata does not bar the Defendants' motion.

¶15 We now turn to the Defendants' argument that the default judgments are void because service was not properly made pursuant to M. R. Civ. P. 4D (2009). The Defendants argue

that service of process was flawed and, therefore, the District Court acquired no jurisdiction over the Defendants thereby rendering the default judgments at issue void. MWB argues that the default judgments are valid because the Defendants were properly served when Elizabeth accepted service on their behalf and the Defendants were put on notice of the pending lawsuit when Elizabeth accepted service.

¶16 A district court may relieve a party from a final judgment if that judgment is void. M. R. Civ. P. 60(b) (2009). A judgment is void if service of process is flawed due to the fact that the district court never acquired personal jurisdiction over the party. *Semenza v. Kniss*, 2005 MT 268, ¶ 18, 329 Mont. 115, 122 P.3d 1203. Service is flawed if the mandates of M. R. Civ. P. 4D (2009) are not strictly followed, "even where a defendant has actual notice of the summons and complaint; knowledge of the action is not a substitute for valid service." *Fonk v. Ulsher,* 260 Mont. 379, 383, 860 P.2d 145, 147 (1993); *See In re Marriage of Blaskovich*, 249 Mont. 248, 250, 815 P.2d 581, 582 (1991). Thus, if the Defendants were not served in accordance with the dictates of M. R. Civ. P. 4D (2009), then the default judgment is void. *See Semenza, ¶* 19.

¶17 In the case at bar, the Defendants comprise a corporation, a trust, and an estate, and they must be served as such. A corporation may be served by delivering a copy of the summons and the complaint to an officer, a director, a manager, a member of a member-managed limited liability company, a superintendent, a managing agent, a general agent, or a partner. M. R. Civ. P. 4D(2)(e) (2009). A trust must be served by delivering a copy of the summons and complaint to any of the trustees. M. R. Civ. P. 4D(2)(i) (2009). An estate

7

must be served by delivering a copy of the summons and complaint to the personal representative. M. R. Civ. P. 4D(2)(i) (2009).

¶18 Here, as in *Semenza*, the default judgment is void because the Defendants were not properly served as strictly mandated by M. R. Civ. P. 4(D) (2009). Elizabeth could not accept service on behalf of Glacier Kitchens, a corporation, because she was not "an officer, a director, a manager, a member of a member-managed limited liability company, a superintendent, a managing agent, a general agent, or a partner" of Glacier Kitchens. Elizabeth likewise could not accept service on behalf of the CR Weaver Trust because she was not a trustee. Elizabeth also could not accept service on behalf of the Estate of Grace Weaver because Elizabeth is not a personal representative of the estate. We thus conclude that service of process was never accomplished on the Defendants, and as a result, the District Court never acquired personal jurisdiction over the Defendants. Consequently, the default judgments against the Defendants were void ab initio, and the District Court, therefore, erred when it failed to set aside the default judgments issued against the Defendants.

## CONCLUSION

¶19 For the reasons stated above, we reverse the District Court's denial of the Defendants' motion to set aside the default judgments and remand this matter for further proceedings consistent with this Opinion.

/S/ MICHAEL E WHEAT

8

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

Justice Jim Rice, dissenting.

¶20    The Court does not recount that MWB filed notices of entry of the default judgments against Glacier Kitchens, Inc., CR Weaver Trust, and the Estate of Grace Weaver on August 17, 2010.  MWB served each of these notices upon all of the Defendants, including CR Weaver.  On August 30, CR Weaver improperly filed motions to repeal the judgments on behalf of the three entity Defendants.  MWB objected that he lacked standing to represent the Defendants and that the motions were without merit.  The motions were denied by operation of law after 60 days.  Rule 60(c), M. R. Civ. P.

¶21    Approximately three months after the motion was deemed denied, on February 1, 2011, CR Weaver filed another round of improper motions in the District Court. The motions attempted to set aside the default judgments on behalf of the entity Defendants and while those motions were pending, CR Weaver filed an improper appeal on behalf of the entity Defendants, which was dismissed on July 7.  MWB objected to the second round of motions before the District Court on the ground that they were duplicative of motions that had already been denied, that CR Weaver could not represent the entity Defendants, and that the

9

motions were "procedurally improper." These motions were likewise denied by operation of the Rule on or about April 1. A timely appeal was not taken.

¶22 About five months after this deemed denial, on August 29, 2011, and over a year after they were served with notice of the judgments, Defendants retained legal counsel and filed a third round of motions to set aside the default, the denial of which they now appeal.

¶23 By its terms, Rule 60(c) requires that a motion for relief from judgment "be made within a reasonable time." In *Semenza*, the case upon which the Court relies, the defendant filed a motion to set aside a default judgment under Rule 60(c) only three months after the entry of judgment, and alleged the defendant "was not properly served with this complaint and summons and in fact was not aware of the existence of this complaint and summons until recently." *Semenza*, ¶ 6.

¶24 The Court faults MWB for not arguing timeliness specifically, but it is abundantly clear that the motions were invalid for multiple reasons. Defendants are related entities that do not assert they were unaware of the entry of judgment. Indeed, they were promptly served with notice of entry of judgment yet failed to respond properly. They occasioned extensive delays and numerous rule violations, finally hiring counsel and filing a proper motion to set aside the judgment over a year after being served with notice of entry. I would hold that their request for relief under Rule 60(c) was not made within a reasonable time and affirm.

/S/ JIM RICE

10