JUSTICE COTTER
delivered the Opinion of the Court.
¶1 Sharon McCrea, acting as a self-represented litigant, appeals the decision of the Eighth Judicial District Court awarding judgment of $8,487.96 to CBM Collections, a Missoula collection agency. We affirm.
*513 ISSUE
¶2 A restatement of the issue on appeal is:
¶3 Did the District Court err by denying McCrea’s motion for a hearing on exemption and her motion to strike?
FACTUAL AND PROCEDURAL BACKGROUND
¶4 Sharon McCrea owed Partnership Health Center $32. She also had an outstanding debt of $5,793.92 on a credit card with the Missoula Federal Credit Union (MFCU) and had fallen behind on her payments. McCrea was notified that these debts were being assigned to CBM for collection. CBM filed its Complaint in March 2011 seeking the full amount owed plus interest and fees.
¶5 McCrea, representing herself, filed her Answer to CBM’s Complaint in April 2011. She did not deny owing the debts nor did she deny any of the allegations set forth in the Complaint. McCrea’s answer was directed more toward the conduct of MFCU than it was to the conduct of CBM. She argued that MFCU was unfairly and deliberately targeting her for collection and that the matter should be ‘(remanded” to the credit union so that she could continue making payments. She sought discovery of credit card documents and her cell phone billing statements to establish that she had been in regular contact with the MFCU in an attempt to resolve the matter.
¶6 CBM moved for judgment on the pleadings and, on June 6, 2011, the District Court, without ruling on McCrea’s ‘Motion for Judge’s Approval for Subpoena Duces Tecum,” granted judgment to CBM in the amount of $8,487.96, which included the outstanding amounts due together with interest, collection agency fees, court filing fee, and service of process fee.
¶7 Following the entry of judgment against her, McCrea filed a Request for Hearing for Exemptions in July 2011. She claimed that the $911 levied from her bank account as part of the judgment execution should be exempt. She also cited several specific exemptions provided in § 25-13-609, MCA, such as household furnishings and a motor vehicle. In her motion seeking a hearing on claimed exemptions, she asserted CBM violated the Fair Debt Collection Practices Act. CBM filed an objection to McCrea’s hearing request, arguing that §25-13-609, MCA, does not provide an exemption for a bank account; therefore, CBM rightfully seized money from McCrea’s bank account to satisfy the judgment. McCrea filed a motion to strike CBM’s objection. On November 2,2011, the District Court, without rationale or explanation, denied McCrea’s motions for a hearing and to strike. It is from this order that McCrea appeals.
*514 ¶8 McCrea subsequently moved to stay the execution of judgment during appeal, and filed a notice of appeal on November 30, 2011. On December 20, 2011, the District Court issued an “Order Amending Prior Order in re Asserted Execution Exemptions and Order Denying Motions for Stay, Appeal without Bond and Ruling on Fair Debt Collection Claims” (Order). In this Order, the Court set forth its rationale for denying McCrea’s various motions.
¶9 McCrea appeals.
STANDARD OF REVIEW
¶10 In the case at bar, the District Court determined that McCrea did not satisfy the requirements of the statute allowing a judgment debtor to request a hearing on exemptions. We review a district court’s interpretation and application of a statute for correctness. Hendershott v. Westphal, 2011 MT 73, ¶ 19, 360 Mont. 66, 253 P.3d 806.
DISCUSSION
¶11 Did the District Court err by denying McCrea’s motion for a hearing on exemption and her motion to strike?
¶12 On appeal, McCrea claims numerous errors by the District Court; however, as noted above, McCrea appeals only the District Court’s November 2, 2011 order. We therefore focus on the arguments she presents in her appellate brief that are applicable to the November order. McCrea claims that the District Court erred by providing no reasoning for its November 2 ruling.
¶13 The District Court’s order stated:
IT IS HEREBY ORDERED that Defendant’s Request for Hearing for Exemptions (Doc. 10, filed 07-15-11), and Defendant’s Motion to Strike Plaintiff’s Objection for Defendant’s Request for Hearing and Provide Defendant An Exemptions Hearing (Doc. 12, filed 8-1-11), are hereby denied.
SO ORDERED this 2nd day of November, 2011.
After the notice of appeal had been filed, the District Court issued a nunc pro tunc Order reflecting that the denial was based upon the arguments presented in CBM’s objection to McCrea’s motions and upon the court’s determination ‘that Defendant’s motions failed to make a particularized factual and legal showing for further proceedings on the merits of the motions.” In other words, McCrea failed to establish, with particular facts, how the exemption statute applied to her case and she failed to present a legal argument in support of her request for hearing and motion to strike.
*515 ¶14 We first address the District Court’s conclusions reached in its nunc pro tunc Order. Section 25-13-212, MCA, allows a judgment debtor to file a written request for a hearing with the court that issued the execution. This written request must be filed within ten days of the date the debtor received notice of execution if notification was by personal service, or within ten days of the date notification was mailed pursuant to §25-13-211(2), MCA. It is undisputed that McCrea filed a timely request for a hearing on exemptions.
¶15 Section 25-13-212, MCA, requires that the judgment debtor include with her written request for a hearing, a written description of the property the debtor claims is exempt and the reasons for the claim that the property is exempt. Debtor must include “copies of any documentation upon which the judgment debtor is relying for the exemption claim.”
¶16 In her request for an exemption hearing, McCrea objected to the levy of $911 from her bank account, levied in partial satisfaction of the judgment against her, on the ground that it was all the money she had to get through the summer. She then listed the three subsections of § 25-13-609, MCA, which set forth personal property that is exempt from execution of judgment. Notably, §25-13-609, MCA, does not exempt, much less address, money or bank accounts. For example, the statute conditionally exempts clothing, household furnishings, jewelry, crops, a motor vehicle, and professional books and tools. McCrea did not explain how the exemptions in §25-13-609, MCA, applied to her, to the seized funds, or to the judgment that had been granted to CBM. Additionally, McCrea then stated in her request for a hearing: ‘Earnings as specified and formulated according to MCA 25-13-614.” Again, she provided no particularized factual showing of the applicability of this statute. And, lastly, she presented no legal argument or support for either of her motions. As McCrea clearly did not satisfy the requirements of §25-13-212, MCA, the District Court did not err in denying her request for a hearing on exemptions.
¶17 In her request for a hearing on exemptions, McCrea also asked the court to rule on her previously asserted claim that CBM violated the Fair Credit Reporting Act (FCRA) in pursuing collection efforts against her. She asserts error on appeal because the court did not reach these arguments. We find no error for two reasons. First, her FCRA claims are addressed in part to the underlying collection action that was reduced to a final judgment in June 2011. McCrea did not seek relief from this judgment nor did she file an appeal.
¶18 Second, to the extent that McCrea’s FCRA arguments are addressed to the manner in which CBM executed on the judgment, *516 they are improperly asserted in an exemption proceeding. Section 25-13-212, MCA, under which McCrea sought her hearing on exemptions, sets forth a discrete process to be utilized by a judgment debtor claiming a statutory exemption. The statute provides for an exemption hearing only upon a request for exemption accompanied by a statement of exempt property, an explanation of the reasons the exemption applies, and a tender of supporting documentation. Section 25-13-212(1) and (3), MCA. It does not call for the airing of common law torts or claimed violations of the FCRA. Accordingly, the District Court did not err in declining to hold an exemption hearing to consider these arguments. Should McCrea wish to assert tort or FRCA claims against CBM, she must do so in an independent cause of action, not in an exemption proceeding. See e.g. Dorwart v. Caraway, 1998 MT 191, ¶ 13, 290 Mont. 196, 966 P.2d 1121, overruled in part on other grounds, Trs. of lnd. Univ. v. Buxbaum, 2003 MT 97, ¶ 46, 315 Mont. 210, 69 P.3d 663.
¶19 McCrea also appeals from the District Court’s denial ofher motion to strike CBM’s objection to her request for an exemption hearing. Because we find the court did not err in refusing to hold the exemption hearing, we find no error in its denial of McCrea’s motion to strike.
¶20 Finally, we address the court’s authority to issue a nunc pro tunc order. A court has the inherent power to issue a nunc pro tunc amendment which has retroactive legal effect. We have stated:
The distinction between what can be corrected by a judgment nunc pro tunc and what cannot was drawn ... some time ago. The court does not have the power to amend the record, in order that the record may show that which did not take place, thus exercising a revisory or appellate power over its own decisions. What the court always has is the power to make the record speak the truth.
State v. Megard, 2006 MT 84, ¶ 20, 332 Mont. 27, 134 P.3d 90. (Citation omitted.) In this case, the court merely presented its rationale for denying McCrea’s request-a rationale that was supported by the record.
¶21 As noted above, McCrea makes numerous assertions of District Court error in her brief on appeal. However, we decline to address her remaining claims. Some are claims that were not identified in her Notice of Appeal. Others pertain to the final Judgment entered in favor of CBM from which no appeal was taken, and still others are raised for the first time on appeal and therefore will not be considered by this Court. Mt. W. Bank, N.A. v. Glacier Kitchens, Inc., 2012 MT *517 132, ¶ 13, 365 Mont. 276, 281 P.3d 600. While courts are willing to make accommodations for self-represented litigants by relaxing some technical rule requirements, we will not do so where the party fails to comply with multiple civil and appellate procedural rules. See e.g. In re Marriage of McMahon, 2002 MT 198, ¶¶ 6-7, 311 Mont. 175, 53 P.3d 1266.
CONCLUSION
¶22 For the foregoing reasons, we affirm the rulings of the District Court.
CHIEF JUSTICE McGRATH, JUSTICES NELSON and RICE concur.