DA 13-0252

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 103N

K & L, INC, d/b/a JERRY'S TRANSMISSION,

        Plaintiff and Appellee,

    v.

NATHAN FRANCIS STARR,

        Defendant and Appellant

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DV 11-88
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Nathan Francis Starr, self-represented, Wilsonville, Oregon

        For Appellee:

            Tim E. Dailey, Milodragovich, Dale & Steinbrenner, P.C., Missoula,
Montana

Submitted on Briefs:  April 2, 2014
Decided:  April 15, 2014

Filed:

_____
                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Nathan Francis Starr appeals from an order of the Twenty-Second Judicial District, Carbon County, denying his motion to set aside default judgment. Also pending is the motion by K&L, Inc., d/b/a Jerry's Transmission (Jerry's) to dismiss this appeal with prejudice. The motion was in response to Starr's repeated requests for extensions in filing his opening brief. As briefing has now been completed in this case, we deny the motion to dismiss and affirm the order of the District Court.

¶3 On or about March 11, 2010, Starr, a resident of Oregon, experienced mechanical problems with his 2004 Nissan Murano while driving through Missoula, Montana. Starr went to the local Nissan dealership, which referred him to Jerry's. Jerry's gave Starr a loaner car, a 1999 Chevrolet Cavalier, and replaced the transmission in the Nissan. According to Jerry's, the bill for the repairs was $4,139.15. Starr claims the repairs were faulty. He did not pay the bill, did not pick up his Nissan, and did not return the loaner car. He acknowledges he is still in possession of the loaner car and has maintained it by performing oil changes, buying new tires, and installing new brakes.

¶4 On April 27, 2011, Jerry's sued Starr and his mother, Judith Starr, in Missoula County, claiming Judith had guaranteed Starr's debt. Judith requested a change of venue

to Carbon County, where she lives. The change of venue was granted June 22, 2011. After failed attempts to serve Starr at his home in Oregon, service was finally completed on September 26, 2011. The summons still identified Missoula County as the venue.

¶5 Starr did not respond to the complaint. On February 14, 2012, the District Court entered a default judgment against Starr in the amount of $13,453.71. The judgment included the costs of repair and storage of the Nissan, prejudgment interest, attorney's fees, and damages for conversion. The judgment also ordered Starr to return the loaner car and allowed Jerry's to execute an agister's lien against the Nissan.

¶6 On February 14, 2013, Starr moved to vacate the default judgment pursuant to M. R. Civ. P. 60(b). Starr argued he was not properly served because counsel for Jerry's fraudulently instructed the private process server to delay service. He claimed the summons he received "was never altered to reflect the amended corrections," presumably in reference to the change of venue. He also alleged gross negligence in the repair of his Nissan. The District Court denied Starr's motion to vacate, finding he had failed to establish grounds for relief under M. R. Civ. P. 60(b).

¶7 On appeal, Starr argues service was not valid because he received the summons five months after the complaint was filed. He claims his failure to respond was excusable because he was not advised of the need to respond. He also claims his mother was improperly named a party to the action and faults the District Court for failing to explain why it did not enter default against her. Starr argues he was deprived of a hearing on the issue of conversion, and attorney's fees and damages for conversion were not established with certainty.

3

¶8     We review a district court's denial of a motion to set aside or vacate a default judgment for a slight abuse of discretion. *Mont. Prof'l Sports, LLC v. Nat'l Indoor Football League, LLC*, 2008 MT 98, ¶ 21, 342 Mont. 292, 180 P.3d 1142. We do not address issues raised for the first time on appeal. *Mt. W. Bank, N.A. v. Glacier Kitchens, Inc.*, 2012 MT 132, ¶ 13, 365 Mont. 276, 281 P.3d 600.

¶9     If a judgment is void for lack of service, it may be set aside under M. R. Civ. P. 60(b)(4). *Mt. W. Bank*, ¶ 16. Starr admits he received the summons on September 26, 2011, five months after the complaint was filed on April 27, 2011. Although the summons did not reflect the change of venue, Starr made no attempt to respond in either Missoula or Carbon counties. The District Court did not abuse its discretion by denying Starr's motion to set aside the default judgment as void.

¶10    Starr also claims his failure to respond was excusable neglect under M. R. Civ. P. 60(b)(1). Starr was required to answer the complaint within 20 days after September 26, 2011. M. R. Civ. P. 12(a) (2009).[1] He failed to do so. His claim that he was not advised of the need to respond is baseless. He acknowledges receiving the summons, which plainly states, "YOU ARE HEREBY SUMMONED to answer the Complaint in this action . . . ." The District Court did not abuse its discretion by denying Starr's motion to set aside the default judgment due to excusable neglect.

¶11    A judgment may also be set aside for fraud, misrepresentation, or misconduct by an opposing party pursuant to M. R. Civ. P. 60(b)(3). Starr claims Jerry's five-month

---

[1] Rule 12(a) now provides that a defendant must answer the complaint and summons within 21 days of service, unless the court orders otherwise. M. R. Civ. P. 12(a)(1)(A).

delay in accomplishing service was due to fraud. He offers as proof his account of statements by an employee of the private process server to the effect that counsel for Jerry's requested the summons be held until further notice, and then requested service be reattempted in September of 2011. Notwithstanding the hearsay nature of these statements, they do not evidence any fraud, misrepresentation, or misconduct. The District Court did not abuse its discretion by denying Starr's motion to set aside the default judgment on grounds of fraud.

¶12 Starr's remaining arguments were not raised before the District Court, and we will not address them. *Mt. W. Bank*, ¶ 13. We briefly note, however, that Starr was given the opportunity for a hearing, which he forfeited when he failed to respond to the summons and complaint. Starr also submits, with his reply brief, an extensive account of what he believes to be gross negligence and other misconduct by Jerry's. Because we decline to set aside the default judgment, we will not reopen the underlying dispute.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE

5