FILED

06/07/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0367

DA 21-0367

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 115N

MATTHEW RYAN AILER,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-21-480
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Matthew Ryan Ailer, Self-represented, Missoula, Montana

      For Appellee:

         Austin Knudsen, Montana Attorney General, Katie F. Schulz, Melissa
Broch, Assistant Attorneys General, Helena, Montana

Submitted on Briefs:  April 20, 2022

Decided:  June 7, 2022

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ailer appeals from the denial of his motion to reconsider entered by the Fourth Judicial District Court, Missoula County. We affirm the District Court.

¶3 On April 23, 2021, Ailer filed a petition for the release of confidential criminal justice information (CCJI) relating to his 2014 criminal case and 2019 petition for postconviction relief (PCR). He sought release of the information pursuant to § 44-5-303, MCA; Title 2, chapter 6, part 10, MCA; and Article II, Section 9, of the Montana Constitution. On April 26, 2021, the District Court entered an order for the State to release the files. On May 17, 2021, the State filed a motion for relief from final order under M. R. Civ. P. 60(b), arguing, among other reasons, it had not been properly served with the petition. The District Court granted the State's motion on May 18, 2021, and vacated the April 26, 2021 order. Ailer filed a "motion for reconsideration," asking the District Court to reinstate the April 26, 2021 order. The District Court denied the motion and Ailer appeals.

¶4 A district court's conclusion a judgment is void pursuant to M. R. Civ. P. 60(b)(4) is a conclusion of law we review for correctness. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451.

¶5 Ailer raises various arguments on appeal for why the District Court erred in vacating its April 26, 2021 order and why he should be granted access to the CCJI he seeks. We affirm the District Court as Ailer failed to perfect service of his petition on the State.

¶6 Ailer filed this petition as a new case in the Fourth Judicial District Court, separate from his ongoing PCR suit in the First Judicial District Court. Complaints or petitions filed under § 44-5-303, MCA, or § 2-6-1009, MCA, both require compliance with the Montana Rules of Civil Procedure. As such, Ailer was required to follow the requirements of M. R. Civ. P. 4 to commence a new suit, which include serving his petition and a summons upon the State pursuant to M. R. Civ. P. 4(d) and (l). A district court cannot acquire personal jurisdiction over the State until the State is properly served with the petition and summons. *See Mountain W. Bank, N.A. v. Glacier Kitchens, Inc.*, 2012 MT 132, ¶ 16, 365 Mont. 276, 281 P.3d 600. "[E]ven where a defendant has actual notice of the summons and complaint; knowledge of the action is not a substitute for valid service." *Mountain W. Bank*, ¶ 16 (quoting *Fonk v. Ulsher*, 260 Mont. 379, 383, 860 P.2d 145, 147 (1993)).

¶7 There is no evidence in the record Ailer served a summons and petition on the State pursuant to the requirements of Rule 4. The State in its motion for relief from judgment stated it had not been served and Ailer did not file any proof he served the petition and summons on the State in the proceedings before the District Court.

3

¶8 A district court may relieve a party from final judgment if that judgment is void under M. R. Civ. P. 60(b). *See Mountain W. Bank*, ¶ 16. A judgment is void if the petitioner fails to serve the opposing party pursuant to the requirements of M. R. Civ. P. 4, as the district court never acquires personal jurisdiction over the party in a civil case without proper service of process. *Mountain W. Bank*, ¶ 16.

¶9 Until the petition has been properly served the District Court does not have personal jurisdiction over the State and the order issued before obtaining personal jurisdiction over the State was void. The District Court did not err in vacating its April 26, 2021 order.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶11 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

4