FILED

11/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0012

DA 23-0012

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 215N

ALMA EDWARDS,

       Plaintiff and Appellant,

  v.

TURLEY DENTAL CARE, P.C.,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                   In and For the County of Yellowstone, Cause No. DV 20-1292
                   Honorable Jessica T. Fehr, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Elizabeth M. Varela, Varela Law Firm PLLC, Billings, Montana

       For Appellee:

       Afton E. Ball, Bobbi K. Owen, Moulton Bellingham PC, Billings, Montana

Submitted on Briefs:  July 19, 2023

Decided:  November 14, 2023

Filed:

                          _____
                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Alma Edwards (Edwards) appeals from the dismissal of several of her alleged claims by the Thirteenth Judicial District Court, which arose from the termination of her employment with Defendant Turley Dental Care (Turley Dental) after she tested positive for marijuana on a random drug test conducted pursuant to Turley Dental's employee drug testing policy. She challenges the District Court's August 12, 2021 Order granting summary judgment to Turley Dental on her wrongful discharge claim (Count I); the District Court's December 13, 2022 Order denying her motion to compel discovery and award sanctions; and the District Court's December 13, 2022 Order granting summary judgment to Turley Dental on her age and disability discrimination claim (Count III).[1]

---

[1] The District Court also entered an order on February 22, 2022, granting, *inter alia*, Turley Dental's motion for summary judgment on Edwards' discrimination claim based upon § 39-2-313(2), MCA (Count II), which provides that an employer "may not discriminate against an individual with respect to compensation, promotion, or the terms, conditions, or privileges of employment because the individual legally uses a lawful product off the employer's premises during nonworking hours." As noted herein, Edwards had been prescribed medical marijuana by a physician. The District Court, in addition to noting its earlier ruling that Edwards' medically-related employment duties properly subjected her to testing under Turley Dental's drug testing policy, cited the exception to this anti-discrimination provision for an employer who "takes action based on the belief that the employer's actions are permissible under an established substance abuse or alcohol program or policy, professional contract, or collective bargaining agreement," § 39-2-313(4), MCA, and dismissed the claim. Edwards does not raise the dismissal

2

¶3　　　Edwards was hired by Turley Dental in 1995. At the time of her discharge in October 2019, she worked as a patient care coordinator and front office treatment coordinator. Edwards' tasks included gathering personally identifiable patient information in a manner consistent with HIPAA (Social Security Numbers, addresses, dates of birth, insurance policy information), verifying patient medical information and health history, treatment planning, processing medical and insurance records and information, including correspondence with insurers regarding treatment and insurance benefits, establishing and enforcing sanitation measures and procedures, collecting payments, and assisting patients with credit applications. At some time prior to this litigation, Edwards was diagnosed with Post Traumatic Stress Disorder (PTSD) and was prescribed medical marijuana to take in the evening before bed.

¶4　　　In March 2019, Turley Dental implemented a Drug and Alcohol Policy (Policy) that it described as "zero tolerance" for the 70 employees working at its multiple locations, pursuant to the Montana Workforce Drug and Alcohol Testing Act, § 39-2-205, *et. seq.*, MCA (the Act).[2] All employees were given training about the Policy, were required to

---

of the Count II discrimination claim as an issue or otherwise address the reasoning of the District Court's February 22, 2022 Order in her briefing, and we do not separately consider that ruling.

[2] The Act defines qualifying employee testing programs, including permissible policies and procedures, and compliance with those provisions is not challenged here. Section 39-2-208, MCA, provides, in pertinent part:

　　Each of the following activities is permissible in the implementation of a qualified testing program:

　　　(2) An employer may use random testing if the employer's controlled substance and alcohol policy includes one or both of the following procedures:

read and sign the Policy, and received a three-month advance notice prior to commencement of testing. The Policy disallowed the use of all substances, including marijuana, and provided an advisory in capital letters that "A POSITIVE DRUG AND/OR ALCOHOL TEST WILL RESULT IN TERMINATION OF EMPLOYMENT WITH TURLEY DENTAL." Edwards acknowledged receipt of the Policy in March 2019, and did not raise her medical marijuana prescription or any other issue with her supervisor at that time.

¶5 After the Policy was implemented, Turley Dental contracted with a third-party testing company to conduct random testing. A cohort of approximately twelve randomly selected employees were tested on a quarterly basis. Edwards was not selected for the initial testing cohorts, but was selected for testing in October 2019, at which time she tested positive for marijuana. About a week later, Edwards was discharged from her employment due to the positive test result. When asked by her supervisor if Edwards understood she

. . .

(b) An employer may manage or contract with a third party to establish and administer a random testing process that must include:
    (i) an established calendar period for testing;
    (ii) an established testing rate within the calendar period;
    (iii) a random selection process that will determine who will be tested on any given date during the calendar period for testing;
    (iv) all supervisory and managerial positions in the random selection and testing process; and
    (v) a procedure that requires the employer to obtain a signed statement from each employee that confirms that the employee has received a written description of the random selection process.

4

had violated the drug policy, Edwards answered that she did. Edwards then indicated she treated with medical marijuana, but was advised by the supervisor that the positive test result was nonetheless a violation of the Policy, and required termination.

¶6 Edwards filed a complaint with the Human Rights Commission alleging discrimination based upon her age, disability, and lawful medical marijuana use. After an agency investigation concluded there was no reasonable basis to conclude discrimination had occurred and issued a right-to-sue letter, Edwards filed suit in the District Court, alleging wrongful discharge under § 39-2-204, MCA (Count I); discrimination for use of a lawful product during nonworking hours in violation of § 39-2-313, MCA (Count II); age and disability discrimination (Count III); and invasion of privacy (Count IV).

¶7 Edwards moved for partial summary judgment, asking the District Court to hold that she was not an "employee" subject to drug testing as defined by the Act, and thus Turley Dental had improperly tested her. Turley Dental cross-moved for summary judgment on the same issue, arguing Edwards' position subjected her to the testing requirement and requesting the District Court to grant summary judgment on the wrongful discharge claim (Count I). The District Court granted Turley Dental's motion, reasoning Edwards' position was one both "affecting public health" and "involving a fiduciary responsibility for an employer" under the Act, that she was subject to testing, and, consequently, Turley Dental had established good cause for her discharge, thus defeating her wrongful discharge claim as a matter of law.

5

¶8 Following discovery, Turley Dental moved for summary judgment on the remaining counts, and on February 22, 2022, the District Court granted summary judgment on Count II (discrimination under § 39-3-212(2), MCA) and Count IV (invasion of privacy).[3] The District Court denied summary judgment as to Count III (age and disability discrimination), reasoning these claims remained viable based upon Edward's contention that Turley Dental had used drug testing as a pretext to discharge her because of her age and disability. In October 2022, Edwards moved the District Court to compel discovery and award sanctions, asserting Turley Dental had committed discovery abuses, including withholding pertinent information. Turley Dental responded to the discovery motion and, while that issue was pending, filed a renewed motion for summary judgment as to the last remaining count, Count III. On December 13, 2022, the District Court denied Edwards' motion to compel and granted Turley's motion for summary judgment on Count III. Edwards appeals the orders granting summary judgment on Count I (wrongful discharge) and Count III (age and disability discrimination), and the order denying her discovery motion.

¶9 This Court reviews a district court's rulings on summary judgment *de novo* for conformance to the applicable standards specified in M. R. Civ. P. 56. *Krajacich v. Great Falls Clinic, LLP*, 2012 MT 82, ¶ 8, 364 Mont. 455, 276 P.3d 992. A district court's decision pertaining to summary judgment is a conclusion of law for which this Court

---

[3] As explained above, this order is not challenged on appeal.

reviews for correctness. *Krajacich*, ¶ 8. Summary judgment is proper only when there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). This Court reviews a district court's denial of a motion to compel for an abuse of discretion. *Associated Mgmt. Servs., v. Ruff*, 2018 MT 182, ¶¶ 70-78, 392 Mont. 139, 424 P.3d 571.

¶10 Edwards argues the District Court erred by holding she satisfied the definition of "employee" subject to a drug testing policy under the Act. We first note that Edwards moved for summary judgment on this issue prior to discovery and that both parties' briefing argued there were no genuine issues of material fact that would prohibit summary judgment. Rather, the parties argued they were respectively entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). The District Court decided the issue on the existing record, including affidavits. The Act defines an "Employee" who is subject to testing as "an individual engaged in the performance, supervision, or management of work in a:

> (i) hazardous work environment;
> (ii) security position; or
> (iii) position:
> > (A) *affecting public safety or public health*;
> > (B) in which driving a motor vehicle is necessary for any part of the individual's work duties; or
> > (C) *involving a fiduciary relationship for an employer*.

Section 39-2-206(4), MCA (emphasis added). These terms, specifically, "affecting public safety" and "involving a fiduciary relationship," are not further defined by the Act.

¶11 Edwards' argument regarding whether she held a position "affecting public health" relies primarily on the definition of "health care facility" in § 50-5-101, *et. seq*., MCA, the

7

facility licensing statutes. Noting this statute excludes "private physicians, dentists, or other physical or mental health workers" regulated elsewhere in the Code from the definition of "health care facility," Edwards argues that because Turley Dental does not come within that statutory definition, her employment was not one affecting public health. However, we agree with the District Court's observation that these separate statutes are unrelated. Although Edwards takes issue with the District Court's reasoning about the use of statutory definitions within other parts of the Code, any such error is not determinative. Exclusion of dental offices from the definition of "facility" for licensing purposes under § 50-5-101, MCA, neither requires exclusion of an employee from drug testing under § 39-2-206(4), MCA, nor offers any interpretive assistance by analogy. The District Court reasoned that Edwards' duties, including managing sensitive personal, medical, and financial information, developing treatment plans, handling medical billing and insurance claims, and establishing and enforcing sanitation procedures, was material to the provision of healthcare and therefore satisfied the Act's definition. Edwards' testing was therefore appropriate, and her test failure was a "reasonable job-related ground" for dismissal, constituting good cause under the Wrongful Discharge from Employment Act as a "legitimate business reason." Section 39-2-903(5), MCA; *see also Putnam v. Cent. Mont. Med. Ctr.*, 2020 MT 65, ¶ 15, 399 Mont. 241, 460 P.3d 419 ("A legitimate business reason is one 'that is not false, whimsical, arbitrary, or capricious, and one that must have some logical relationship to the needs of the business.'") (internal citation omitted). We conclude the District Court did not err in entering these conclusions of law. Having so

8

concluded, we need not take up the District Court's alternative reasoning that Edwards was also subject to testing because she occupied a position involving a fiduciary relationship for the employer.[4]

¶12 Edwards next challenges the District Court's denial of her motion to compel and award sanctions, which were related to Edwards' Count III, age and disability discrimination. In response to Edwards discovery requests, Turley Dental produced, pertinent here, Edwards' entire personnel file, her treatment records, all information regarding other failed, random drug tests of other employees for two years after Edwards' termination, and the ages of its employees. Edwards also sought, as explained by the District Court:

> 1) evidence of Alma Edwards' back and mental health disabilities in Turley's possession, custody and control;
> 2) evidence in Turley's possession, custody, and control showing disparate treatment (how [employee KL]'s failed drug test and other failed drug tests were treated in comparison to [Edwards]);
> 3) Turley's correspondence with its drug testing contractor and drug testing evidence of disparate treatment and disparate impact;
> 4) withheld documents in Turley's possession, custody, and control showing age and disability discrimination; and
> 5) Turley's email correspondence and executive meeting minutes regarding drug testing policies and evidencing discriminatory conduct with regard to Alma in comparison to younger, non-disabled employees/potential employees.

---

[4] Also on this Count, Edwards offers a constitutional argument not made before the District Court and raised for the first time on appeal, arguing that the random drug testing of "low risk workers" violates public policy and Montana's constitutional right to privacy. As noted by Turley Dental, this Court does not generally consider arguments raised for the first time on appeal, and as such, we decline to consider Edwards' constitutional argument. *Mountain W. Bank, N.A. v. Glacier Kitchens, Inc.*, 2012 MT 132, ¶ 13, 365 Mont. 276, 281 P.3d 600.

¶13   Montana Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" that is "reasonably calculated to lead to the discovery of admissible evidence." We have held that while parties do possess a broad discovery right, their requests "must be narrowly tailored to lead to discoverable information, and the district courts may well need to prohibit discovery requests which are too broad, given the particular claims and defenses of each case." *Peterson v. Doctors' Co.*, 2007 MT 264, ¶ 44, 339 Mont. 354, 170 P.3d 459.  Further, "such discovery requests . . . cannot be fishing expeditions." *Peterson*, ¶ 44.

¶14   Regarding the first request, the District Court reasoned that Edwards had failed to offer "any argument [as] to why Edwards truly needs the requested information" in light of the disclosures Turley Dental had already made, and thus failed to satisfy her burden under Rule 26(b)(1).  While Edwards is entitled to discovery, the request here appeared to be satisfied by Turley Dental's disclosure of Edwards' medical treatment records and personnel file, and an interrogatory asking whether there was any additional information of this kind that may have resolved the issue.  The request for production was not further supported or defined, such that it appeared to be an overbroad request.

¶15   The remaining requests broadly sought information that would show "disparate treatment" by Turley Dental or "disparate impact" of its drug testing protocols that, in the District Court's observation, "backed Turley into a corner. . . . essentially asking Turley to admit to disparate treatment through her discovery requests."  One request requested evidence as to current employee K.L.'s failed drug test, and raised privacy concerns.  We

10

have stated that when a "defendant's asserted 'substantial need' for discovery . . . conflicts with the right of privacy of an involved government agent or third party, courts must assess the nature and extent of the asserted right to privacy under the totality of the circumstances, and then carefully balance it with the defendant's asserted need in furtherance of the fair trial rights . . . ." *City of Bozeman v. McCarthy*, 2019 MT 209, ¶ 18, 397 Mont. 134, 447 P.3d 1048. In balancing these interests, the District Court noted from the record that Edwards' contention she was treated differently than K.L. offered little support for the request because K.L. was a job applicant, not an employee, at the time she was tested, and was not at that time subject to the random testing policy. The District Court explained that information about Turley Dental's treatment of other employees who had tested positive could well be discoverable. However, given K.L.'s different circumstances, the District Court concluded that K.L.'s right of privacy weighed against disclosure of her personnel file.

¶16 Edwards' final three discovery requests were also broadly stated and sought information pertaining to "discriminatory conduct" or "showing discrimination." The District Court reasoned that these requests had either been answered by Turley Dental's responses, such as its provision of the age information of its employees, or lacked focus or a demonstration that further information or documentation existed. The District Court's resolution of these issues was an exercise of its discretion and we conclude the District Court did not abuse its discretion under the standard of review by denying the motion to compel.

11

¶17 Related thereto, Edwards challenges the District Court's dismissal of Count III. In *Reeves v. Dairy Queen, Inc.*, 1998 MT 13, ¶ 12, 287 Mont. 196, 953 P.2d 703, we held a "person alleging discrimination must first demonstrate a prima facie case of discrimination." A prima facie case may be proven through evidence of a "causal connection between the adverse action by the [employer] and the [employee's] membership in a protected class." Admin. R. M. 24.9.610(2)(b)(v). In an age discrimination case, the employee may either provide "direct evidence" that the employee's age prompted their termination, or "circumstantial evidence" that the employee was performing their job satisfactorily and yet was terminated. In a disability discrimination case, the question is whether the employee would have been "otherwise qualified for continued employment, and [their] employment did not subject [them] or others to physical harm" and the employer "denied [the] continued employment because of [the] disability." *Reeves*, ¶ 21.

¶18 Edwards failed to provide direct or circumstantial evidence establishing a prima facie case that her discharge occurred because of her age. Both Turley Dental and Edwards provided evidence of the drug testing policy violation that led to her termination. Edwards failed to provide evidence setting forth a prima facie case that something other than her violation of the Policy was the actual reason for her discharge. She offered offensive comments made by coworkers about her age, but nothing that would raise an inference that her employer acted out of a motivation beyond the failed test. In *Mysse v. Martens*, 279 Mont. 253, 265, 926 P.2d 765, 772 (1992), we reasoned that isolated remarks during casual

conversations alone do not "give rise to an inference" that the individual was fired for her age. Further, as the District Court reasoned, an examination of the ages of the staff members at Turley Dental offices does not provide direct or circumstantial evidence of her contention that Edwards was discharged so Turley Dental could replace her with a younger employee. While Edwards argues she was treated differently than younger or non-disabled employees, the argument is supported only by the difference she sees in how K.L. was treated. However, as we noted above, K.L. was not an employee subject to the same random testing Policy at the time she failed the drug test. In sum, Edwards fails to meet her initial burden of establishing a prima facie case of discrimination for age or ability.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review, and the District Court did not err in its rulings.

¶20 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR

13